IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERNEST H. TURNER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23-cv-00018 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID MOORE, *et al.*, | ) | By: Elizabeth K. Dillon |
|     Defendants. | ) | United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Ernest H. Turner, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. His complaint names three defendants: (1) David Moore; (2) "Blue Ridge Administration"; and (3) Capt. Wray. (Compl. 1, Dkt. No. 1.) According to Turner's complaint, the incidents alleged in his complaint arose at the Lynchburg Adult Detention Center ("the Jail"), in or around December 23 and 24, 2022. The case is before the court for review pursuant to 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997e(c). For the reasons set forth below, the court concludes that Turner has failed to state a claim for which relief can be granted, and his claims must be dismissed.

I. BACKGROUND

Turner's allegations are limited. In their entirety, his allegations state as follows:

> On 12-23-22, C.O. Peel came into my cell after complaining for 30 or so days it was freezing. The temperature gun read 51° and the air conditioning [was] running. It was 11 AM.
>
> On 12-24-22 C.O. Lewis came to my well with temperature gun and it read 47°. On the morning of 12-24-22 it was 2° outside. It was 5:11 pm when Lewis [came] around to check [the] temperature. I'm forced to wear excessive clothes—2 jumpers, 3 thermal tops, 3 pairs of socks, 2 t-shirts, [and] 2 thermal bottoms. At 6:07 pm Sgt. Barksdale came with [the] temperature gun and it was 41° in my cell. This was on 12-24-22 as well. Everyone gets

> the same story that maintenance is working on it. No heat or hot water or lukewarm water and it is 2° outside and 41° in my cell.

(Compl. 2.) He asks that the court provide "suitable relief for living in inhumane conditions" and states again that he is "forced to wear excessive clothes." (*Id.* at 3.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 42 U.S.C. § 1997e(c)(1) (requiring the court to dismiss any § 1983 case brought with respect to "prison conditions" if it is frivolous or fails to state a claim upon which relief can be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Turner's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Turner does not set forth specific legal claims or refer to specific laws or provisions that he believes were violated. The court construes his amended complaint, however, as asserting an Eighth Amendment conditions-of-confinement claim, based on the cold cell temperatures he experienced for a period of at least thirty days in late November and December 2022.

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

2

committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," *id.* at 349, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). To establish the second element of deliberate indifference, a plaintiff must show that the defendant was personally aware of facts indicating a substantial risk of serious harm and that the defendant must have actually recognized the existence of such a risk. *See, e.g., Farmer*, 511 U.S. at 838–840; *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994). The plaintiff also must show that the defendant subjectively recognized that his actions were inappropriate in light of that risk. *Parrish v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (citation omitted).

Turner's complaint fails to satisfy these standards. First of all, he fails to identify a deprivation that is sufficiently serious so as to deprive him of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. He also has not identified any "significant emotional or physical harm," nor do the conditions about which he complains create a "grave risk" of any such harm. *See Shakka*, 71 F.3d at 166. Indeed, he does not identify that he became ill or that even that he suffered any symptoms as a result of the coldness. He primarily complains that he was forced to wear "excessive clothing" to stay warm. This is insufficient to satisfy the first element of his claim. *See, e.g.*, *Canada v. Stirling*, 2018 WL 6981119, at *5 (D.S.C. Dec. 17, 2018) (recommending grant of summary judgment where plaintiff alleged an Eighth Amendment claim based on being given only shower shoes to wear and explaining that "alleged injuries of 'wet feet' and 'coldness' are not sufficiently serious to justify relief"), *report and recommendation adopted by Canada v. Stirling,* 2019 WL 132869 (D.S.C. Jan. 8, 2019); *Chance v. Spears*, 2009 WL 3768736, at *2 (S.D.W. Va. Nov. 10, 2009) ("Although plaintiff makes conclusory assertions about the potential harm that may be wrought without additional protective clothing, his allegations simply do not rise to the level of extreme deprivation necessary to state a conditions-of-confinement violation."). Indeed, the Fourth Circuit has dismissed an Eighth Amendment claim where the plaintiff complained of cold cell temperatures, noting that inmates received additional blankets when the jail was uncomfortably cold. *Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993). As in *Strickler*, Turner had the means available to him—in the form of extra clothing—to avoid injury from the cold temperatures. *See also Williams v. Ramos*, 101 F.3d 110, 1996 WL 625613, at *1 (7th Cir. 1996) (noting that where "alternative means of warmth were made available," such as prisoners being permitted to have extra clothing or being issued blankets, there was no Eighth Amendment violation resulting from

4

cell temperatures so cold that ice was forming on the insides of windows). Similarly, while the solution may not have been ideal, having to wear "excessive" clothing to stay warm did not deny Turner of the "minimal civilized measure of life's necessities." *See Wilson*, 501 U.S. at 298.

Turner's claims are also subject to dismissal because he has not alleged adequate facts to establish deliberate indifference on the part of any particular defendant. In particular, Taylor does not identify any facts to show that either of the two individual defendants (Moore or Wray) had knowledge of a substantial risk to him and were deliberately indifferent to it. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that § 1983 liability will lie only "where it is affirmatively shown" that the defendant "acted personally" in violating the plaintiff's rights) (citation omitted); *Langford v. Joyner*, 62 F.4th 122, 125–26 (4th Cir. 2023) (emphasizing that a § 1983 complaint must allege which particular defendant did what to survive dismissal). As for the third defendant, the entity "Blue Ridge Administration" is not a legal entity capable of being sued.[1]

Moreover, nothing about the facts alleged by Turner suggests that *anyone* was deliberately indifferent toward the coldness. To the contrary, officers were monitoring the

---

[1] The court considers the possibility that Turner meant to name the Blue Ridge Regional Jail Authority ("Jail Authority"), the entity that operates the Lynchburg Adult Detention Center. But even if the court were to so construe his complaint, his claim fails. The Jail Authority, like other local governing bodies . . . "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Under *Monell*, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Turner does not allege that any official policy or custom of the Jail Authority was responsible for the violations he alleges and, therefore, he has failed to state a claim against the Jail Authority. Moreover, as already discussed, the facts he has alleged do not state an Eighth Amendment violation.

5

temperatures, Turner had plenty of clothing to wear to keep him warm, and he was told that maintenance was working on fixing the problem. In short, he has not alleged facts to show that any defendant was subjectively aware of a substantial risk to Turner and failed to take any action.

### III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Turner's complaint, pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1), for failing to state a claim upon which relief may be granted.

An appropriate order will be entered.

Entered: May 9, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge